IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO._____

AMOS FINANCIAL LLC
a Foreign Limited Liability Company

      Plaintiff,

vs.

FIRST HORIZON BANK
a Foreign Corporation

      Defendant.

_____/

## COMPLAINT

Now comes Plaintiff, Amos Financial, LLC, by and through its attorney, Nathan Olken, and for its complaint against the Defendant, First Horizon Bank states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Amos Financial LLC ("Amos") is a foreign limited liability company, duly registered with its principal place of business in Illinois.

2. Defendant, First Horizon Bank ("First Horizon") is a foreign corporation, duly registered with its principal place of business in Tennessee.

3. This court has jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S. Code § 1332. There is complete diversity and the matters in controversy, exclusive of interest and costs, exceed the sum of $75,000.00. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District.

4. Amos has retained the undersigned attorney and has agreed to pay a reasonable fee for their services.

5. All conditions precedent to filing this action have occurred, been performed, been waived or, otherwise, are futile.

## GENERAL ALLEGATIONS

6. Amos is in the business of purchasing and servicing consumer and commercial loan pool portfolios.

7. First Horizon is a Tennessee state-charted bank that along with providing banking services in Florida, sells certain loans.

8. First Horizon and Amos signed an Asset Sale Agreement dated December 3, 2020 ("Asset Sale Agreement") wherein Amos purchased certain loans from First Horizon. The Asset Sale Agreement with appropriate redactions is attached as Exhibit A and it is incorporated herein by reference.

9. Bids for the sale of the loans under the Asset Sale Agreement were taken based on a percentage of the principal balances of the loans being sold under the Asset Sale Agreement.

10. The purchase price that Amos paid to acquire the loans was based on a percentage of the principal balances of the loans being sold under the Asset Sale Agreement.

11. On December 14, 2020 the closing occurred ("Closing Date") and Amos paid the purchase price to acquire the loans sold under the Asset Sale Agreement.

12. In Section 6.2.4 of the Asset Sale Agreement First Horizon represented and warranted that, "the statement of the principal balances for the Loan(s) set forth in Schedule A is true and correct as of the date of calculation."

13. In Section 6.2.6 of the Asset Sale Agreement First Horizon Bank represented and warranted that the Review File, "includes all material documents in the possession of the Seller".

14. The term "Review File" is a defined term in the Asset Sale Agreement.

15. In Section 6.2.3 of the Asset Sale Agreement First Horizon represented and warranted that, "[t]o the best of the Seller's knowledge, the Obligor has no valid defense that prevents enforcement by the holder thereof of the provisions of the Note(s)," and First Horizon represented and warranted that, "[t]o the best of the Seller's knowledge, the Loan(s) are not subject to any valid right of rescission, set-off, abatement, diminution, counterclaim or defense that prevents enforcement by the Seller thereof or its assigns of the provisions of the Note(s)".

16. The term "Obligor" is defined in the Asset Sale Agreement to mean the maker of the Note and any guarantor.

17. The term "Loan(s)" is defined in the Asset Sale Agreement to mean the loan obligations and debts evidenced by the Note(s), and, inter-alia, each Collateral Document.

18. The term "Collateral Document" is defined in the Asset Sale Agreement to mean, inter-alia, guaranties for the Loan(s).

19. In Section 6.2.9 of the Asset Sale Agreement First Horizon represented and warranted that, "[t]o the best of the Seller's knowledge, there is no litigation, proceeding or governmental investigation pending, or any order, injunction or decree outstanding, existing or relating to the Loan(s)".

20. Due to privacy protections for filings made with the Court, Amos is only listing in the Complaint the last four digits of the loan numbers for the loans which are the subject of this dispute.

## COUNT I

BREACH OF CONTRACT WITH RESPECT TO LOAN NO. 7192 AND LOAN NO. 8842.

21. Amos repeats and re-alleges paragraphs 1 through 20 above, as if fully set forth herein.

22. The principal balances listed in the Asset Sale Agreement for Loan No. 7192 and Loan No. 8842 are incorrect.

23 The Asset Sale Agreement listed the principal balance for Loan No. 7192 as $515,000.00, and the Asset Sale Agreement listed the principal balance for Loan No. 8842 as $291,884.73.

24. The borrower for Loan No. 7192 and Loan No. 8842 are the same individual.

25. Prior to the Closing Date, Loan No. 7192 and Loan No. 8842 both had their balances reduced in Bankruptcy Case No. 8:2013bk01919 in the U.S. Bankruptcy Court for the Middle District of Florida in which First Horizon's predecessor with respect to these two loans, IberiaBank, stipulated and agreed that its claim for Loan No. 7192 was only a secured claim in the amount of $150,000.00 with interest and that the remaining balance for Loan No. 7192 was to be treated as an unsecured claim, and in which IberiaBank's claim for Loan No. 8842 was to be treated as an unsecured claim.

26. Upon information and belief prior to the Closing Date First Horizon accepted $150,000.00 from the borrower for Loan No. 7192 which satisfied in full its secured claim in Bankruptcy Case No. 8:2013bk01919 leaving Amos approximately only $16,486.00 to be paid on the unsecured claims for Loan No. 7192 and for Loan No. 8842.

27. The aggregate of the principal balances for Loan No. 7192 and Loan No. 8842 could not have exceeded $16,486.00 as of the Closing Date.

28. First Horizon breached its representations and warranties in Section 6.2.4 of the Asset Sale Agreement by failing to list the correct principal balances for Loan No. 7192 and Loan No. 8842 in the Asset Sale Agreement.

29. First Horizon breached its representations and warranties in Section 6.2.6 of the Asset Sale Agreement by failing to disclose that it had accepted the $150,000.00 from the borrower for Loan No. 7192 as referenced above in paragraph 26, and/or by failing to produce all material documents in its possession related to Loan No. 7192 and Loan No. 8842.

30. First Horizon breached its representations and warranties in Section 6.2.3 of the Asset Sale Agreement because both Loan No. 7192 and Loan No. 8842 are subject to valid rights of set-off, diminution, and/or defense as a result of the allegations described above in paragraphs 25 and 26.

31. After the Closing Date Amos made a demand for First Horizon to repurchase Loan No. 7192 and Loan No. 8842.

32. To the present, First Horizon has not repurchased Loan No. 7192 and Loan No. 8842.

33. By reason of the foregoing First Horizon is liable to Amos for Count I in the amount $314,336.73 exclusive of attorney's fees and other amounts that may be awarded.

## COUNT II
BREACH OF CONTRACT WITH RESPECT TO LOAN NO. 1521.

34. Amos repeats and re-alleges paragraphs 1 through 20 above, as if fully set forth herein.

35. The principal balance listed in the Asset Sale Agreement for Loan No. 1521 was $100,554.61.

36. Upon information and belief the principal balance for Loan No. 1521 was actually $0.00 as of the Closing Date.

37. The Review File that was provided for Loan No. 1521 represented that Loan No. 1521 had a guarantor as of the date that the Review File was made available to Amos, which was on or about December 4, 2020.

38. The guarantor for Loan No. 1521 received a discharge in Bankruptcy Case No. 8:2011bk22028 in the U.S. Bankruptcy Court for the Middle District of Florida.

39. The guarantor for Loan No. 1521 was the debtor in Bankruptcy Case No. 8:2011bk22028.

40. In Bankruptcy Case No. 8:2011bk22028 there was filed a motion to approve controversy between First Horizon's predecessor with respect to Loan No. 1521, Florida Bank, and the debtor in Bankruptcy Case No. 8:2011bk22028 and the borrower for Loan No. 1521 which was filed as Doc 27 ("Motion to Approve Controversy"). In Bankruptcy Case No. 8:2011bk22028 an order was entered granting the Motion to Approve Controversy which was filed as Doc 32.

41. Upon information and belief Florida Bank settled with both the borrower and the guarantor for Loan No. 1521.

42. First Horizon breached its representations and warranties in Section 6.2.4 of the Asset Sale Agreement by failing to list the correct principal balance for Loan No. 1521 in the Asset Sale Agreement.

43. First Horizon breached its representations and warranties in Section 6.2.6 of the Asset Sale Agreement by failing to disclose the existence of Bankruptcy Case No. 8:2011bk22028 and/or by failing to produce all material documents in its possession related to Loan No. 1521.

44. First Horizon breached its representations and warranties in Section 6.2.6 of the Asset Sale Agreement by failing to disclose that Florida Bank had settled with the borrower and guarantor for Loan No. 1521.

45. First Horizon breached its representations and warranties in Section 6.2.3 of the Asset Sale Agreement by falsely representing that the guarantor for Loan No. 1521 had no valid defense when in fact the guarantor has a defense which is the discharge that the guarantor received in Bankruptcy Case No. 8:2011bk22028.

46. First Horizon breached its representations and warranties in Section 6.2.3 of the Asset Sale Agreement because Loan No. 1521 is subject to valid rights of set-off, diminution, and/or defense as a result of the allegations described above in paragraphs 38, 40, and 41.

47. First Horizon breached its representations and warranties in Section 6.2.9 of the Asset Sale Agreement by representing that there was no litigation or proceeding relating to Loan No. 1521 and by representing that there was no existing order relating to Loan No. 1521 because First Horizon was aware of both the existence of Bankruptcy Case No. 8:2011bk22028 and the discharge that the guarantor received, but First Horizon failed to disclose the existence of Bankruptcy Case No. 8:2011bk22028 and First Horizon failed to disclose the discharge that the guarantor for Loan No. 1521 received.

48. After the Closing Date Amos made a demand for First Horizon to repurchase Loan No. 1521.

49. To the present, First Horizon has not repurchased Loan No. 1521.

50. By reason of the foregoing First Horizon is liable to Amos for Count II in the amount of $41,227.39 exclusive of attorney's fees and other amounts that may be awarded.

**COUNT III**
BREACH OF CONTRACT WITH RESPECT TO LOAN NO. 9149.

51. Amos repeats and re-alleges paragraphs 1 through 20 above, as if fully set forth herein.

52. The principal balance listed in the Asset Sale Agreement for Loan No. 9149 was $83,608.06.

53. Upon information and belief the principal balance for Loan No. 9149 was actually $0.00 as of the Closing Date.

54. The borrower for Loan No. 9149 received a discharge in Bankruptcy Case No. 1:2016bk43630 filed in the U.S. Bankruptcy Court for the Eastern District of New York.

55. In Bankruptcy Case No. 1:2016bk43630 First Horizon's predecessor with respect to Loan No. 9149, IberiaBank, entered into with the borrower for Loan No. 9149 a stipulation terminating the automatic stay as to certain collateral which was filed as Doc 10 in Bankruptcy Case No. 1:2016bk43630.

56. Upon information and belief IberiaBank settled with the borrower for Loan No. 9149 and/or IberiaBank exhausted its efforts to collect on the collateral for Loan No. 9149.

57. First Horizon breached its representations and warranties in Section 6.2.4 of the Asset Sale Agreement by failing to list the correct principal for Loan No. 9149 in the Asset Sale Agreement.

58. First Horizon breached its representations and warranties in Section 6.2.6 of the Asset Sale Agreement by failing to disclose the existence of Bankruptcy Case No. 1:2016bk43630 and/or by failing to produce all material documents in its possession related to the Loan No. 9149.

59. First Horizon breached its representations and warranties in Section 6.2.3 of the Asset Sale Agreement by falsely representing that the borrower for Loan No. 9149 had no valid

defense when in fact the borrower has a defense which is the discharge that the borrower received in Bankruptcy Case No. 1:2016bk43630.

60. First Horizon breached its representations and warranties in Section 6.2.3 of the Asset Sale Agreement because Loan No. 9149 is subject to valid rights of set-off, diminution, and/or defense as a result of the allegations described above in paragraphs 54, 55, and 56.

61. First Horizon breached its representations and warranties in Section 6.2.9 of the Asset Sale Agreement by representing that there was no litigation or proceeding relating to Loan No. 9149 and by representing that there was no existing order relating to Loan No. 9149 because First Horizon was aware of both the existence of Bankruptcy Case No. 1:2016bk43630 and the discharge that the borrower received, but First Horizon failed to disclose the existence of Bankruptcy Case No. 1:2016bk43630 and First Horizon failed to disclose the discharge that the borrower for Loan No. 9149 received.

62. After the Closing Date Amos made a demand for First Horizon to repurchase Loan No. 9149.

63. To the present, First Horizon has not repurchased Loan No. 9149.

64. By reason of the foregoing First Horizon is liable to Amos for Count III in the amount of $34,279.30 exclusive of attorney's fees and other amounts that may be awarded.

**COUNT IV**
BREACH OF CONTRACT WITH RESPECT TO LOAN NO. 7267.

65. Amos repeats and re-alleges paragraphs 1 through 20 above, as if fully set forth herein.

66. The principal balance that was listed for Loan No. 7267 on the Asset Sale Agreement was $63,870.87.

67. The Review File that was provided for Loan No. 7267 represented that Loan No. 7267 had two guarantors as of the date that the that the Review File was made available to Amos, which was on or about December 4, 2020.

68. In Bankruptcy Case No. 4:2014bk50081 filed in the U.S. Bankruptcy Court Western District of Louisiana, Lafayette Division the two individuals who First Horizon listed as being the guarantors for Loan No. 7267 in the Review File, received discharges.

69. The borrower for Loan No. 7267 was a limited liability company.

70. The borrower for Loan No. 7267 was dissolved on or about August 23, 2016.

71. First Horizon breached its representations and warranties in Section 6.2.6 of the Asset Sale Agreement by failing to disclose in the Review File the existence of Bankruptcy Case No. 4:2014bk50081 and/or by failing to produce all material documents in its possession related to Loan No. 7267.

72. First Horizon breached its representations and warranties in Section 6.2.6 of the Asset Sale Agreement by failing to disclose in the Review File that the borrower was dissolved.

73. First Horizon breached its representations and warranties in Section 6.2.3 of the Asset Sale Agreement by falsely representing that the guarantors for Loan No. 7267 had no valid defense when in fact the guarantors have a defense which is the discharge that the guarantors received in Bankruptcy Case No. 4:2014bk50081.

74. First Horizon breached its representations and warranties in Section 6.2.3 of the Asset Sale Agreement because Loan No. 7267 is subject to valid rights of set-off, diminution, and/or defense as a result of the allegations described above in paragraph 68.

75. First Horizon breached its representations and warranties in Section 6.2.9 of the Asset Sale Agreement by representing that there was no litigation or proceeding relating to Loan

No. 7267 and by representing that there was no existing order relating to Loan No. 7267 because First Horizon was aware of both the existence of Bankruptcy Case No. 4:2014bk50081 and the discharge that the guarantor received, but First Horizon failed to disclose the existence of Bankruptcy Case No. 4:2014bk50081 and First Horizon failed to disclose the discharge that the guarantors for Loan No. 7267 received.

76. After the Closing Date Amos made a demand for First Horizon to repurchase Loan No. 7267.

77. To the present, First Horizon has not repurchased Loan No. 7627.

78. By reason of the foregoing First Horizon is liable to Amos for Count IV in the amount of $26,187.07 exclusive of attorney's fees and other amounts that may be awarded.

**COUNT V**
BREACH OF CONTRACT WITH RESPECT TO LOAN NO. 9969

79. Amos repeats and re-alleges paragraphs 1 through 20 above, as if fully set forth herein.

80. The principal balance that was listed for Loan No. 9969 on the Asset Sale Agreement was $95,702.33.

81. The payment history that was provided to Amos by First Horizon for this loan lists the principal balance for Loan No. 9969 as $57,679.05.

82. First Horizon breached its representations and warranties in Section 6.2.4 of the Asset Sale Agreement by failing to list the correct principal for Loan No. 9969 in the Asset Sale Agreement.

83. After the Closing Date Amos made a Demand for First Horizon to refund to Amos the amount that Amos overpaid for Loan No. 9969 as a result of the incorrect principal balance being listed on the Asset Sale Agreement.

84. To the present, First Horizon has not issued a refund to Amos for Loan No. 9969.

85. By reason of the foregoing First Horizon is liable to Amos for Count V in the amount of $15,589.54 exclusive of attorney's fees and other amounts that may be awarded.

**COUNT VI**
BREACH OF CONTRACT WITH RESPECT TO LOAN NO. 4940

86. Amos repeats and re-alleges paragraphs 1 through 20 above, as if fully set forth herein.

87. The principal balance that was listed for Loan No. 4940 on the Asset Sale Agreement was $34,382.04.

88. The borrower for Loan No. 4940 filed a chapter 11 bankruptcy proceeding in Bankruptcy Case No. 1:2020bk10825 in the U.S. Bankruptcy Court for the Southern District of Alabama.

89. The guarantor for Loan No. 4940 filed a chapter 7 bankruptcy proceeding in Bankruptcy Case No. 1:2020bk12049 in the U.S. Bankruptcy Court for the Southern District of Alabama.

90. IberiaBank filed a proof of claim in Bankruptcy Case No. 1:2020bk12049 on or about September 4, 2020.

91. First Horizon breached its representations and warranties in Section 6.2.6 of the Asset Sale Agreement by failing to disclose in the Review File the existence of Bankruptcy Case No. 1:2020bk10825, by failing to disclose in the Review File the existence of Bankruptcy Case

No. 1:2020bk12049, and/or by failing to produce all material documents in its possession related to Loan No. 4940.

92. After the Closing Date Amos made a demand for First Horizon to repurchase Loan No. 4940.

93. To the present, First Horizon has not repurchased Loan No. 4940.

94. By reason of the foregoing First Horizon is liable to Amos for Count IV in the amount of $14,096.63 exclusive of attorney's fees and other amounts that may be awarded.

WHEREFORE, Plaintiff requests judgment as follows:

A. On Count I awarding damages in favor of Plaintiff in the amount of $314,336.73, and for such other relief as this Court deems just and proper.

B. On Count II awarding damages in favor of Plaintiff in the amount of $41,227.39, and for such other relief as this Court deems just and proper.

C. On Count III awarding damages in favor of Plaintiff in the amount of $34,279.30, and for such other relief as this Court deems just and proper.

D. On Count IV awarding damages in favor of Plaintiff in the amount of $26,187.07, and for such other relief as this Court deems just and proper.

E. On Count V awarding damages in favor of Plaintiff in the amount of $15,589.54, and for such other relief as this Court deems just and proper.

F. On Count VI awarding damages in favor of Plaintiff in the amount of $14,096.63, and for such other relief as this Court deems just and proper.

G. Granting Plaintiff such other and further relief as the Court deems just and proper.

DATED this 12th day of March, 2021
Respectfully submitted,

Olken Law PLLC
Attorney for Plaintiff Amos Financial LLC

**By: /S/ Nathan Olken**
Nathan Olken, Esq
Florida Bar No. 0048179
499 NW 70th Avenue, Suite 105
Plantation, FL 33317
Tel.: (954) 640-8411
nathan@olkenlaw.com